UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 15-cr-260(7) (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jason Allen Jackson, | |
| Defendant. | |

_____

This matter is before the Court on Defendant Jason Allen Jackson's Motion to modify his sentence under the First Step Act. Jackson asserts that he has health conditions that make him susceptible to severe complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court denies the Motion.

**BACKGROUND**

In 2014, a jury found Jackson guilty of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. (Docket No. 605.) These charges arose out of a large-scale methamphetamine-distribution ring for which Jackson played a major role. Jackson was on federal supervision at the time of his arrest, and his recklessness in fleeing when authorities were attempting to apprehend him resulted in injuries to a law enforcement officer.

Jackson was deemed responsible for more than 20 kilograms of methamphetamine, which with his criminal history category of VI resulted in a sentencing guidelines range of 360 months to life imprisonment. The Court departed downward to a sentence of 330

months' imprisonment. To date, he has served approximately 20 percent of that sentence. He is incarcerated at USP Leavenworth in Leavenworth, Kansas.

## DISCUSSION

Because Jackson has filed appealed a previous Order of this Court, the Court lacks jurisdiction to grant this Motion. Rule 37(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). As the Rule contemplates, Jackson asks that the Court give an "indicative ruling" that it would grant the Motion if it had jurisdiction to do so. The Government opposes Jackson's Motion, asking the Court to deny the Motion outright.

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Jackson contends that he is at higher risk of severe complications from COVID-19 because he has an intestinal-related birth defect, type-2 diabetes, hypertension, and he is obese.

According to the BOP, there are currently eight active cases of COVID-19 among the inmates at USP Leavenworth, and five active cases among staff. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last

visited March 2, 2021). The BOP offered Jackson a COVID-19 vaccine in January. He declined the vaccine.

There is no doubt that individuals who are obese and individuals suffering from diabetes are at increased risk, and individuals suffering from hypertension may be at increased risk, of severe complications from COVID-19. See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 2, 2021). Jackson's decision to forego a highly effective vaccine, one that would all but eliminate any severe complications from COVID-19, belies his claim that he cannot escape severe complications from the virus while he is incarcerated. The record does not bear out Jackson's claim that he was not provided with sufficient information about the vaccine, nor does it establish that his concerns regarding the vaccine are well-founded. Jackson's own medical expert states that the vaccines are "extremely well tolerated, safe, [and] 95% effective at preventing COVID-19 infection, and effective at preventing severe COVID-19 infection." (Meyer Decl. ¶ 5 (Docket No. 1119-10).) Whether the vaccine may turn out to be slightly less effective for immunocompromised individuals such as Jackson is beside the point.

Jackson's decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released

because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.

The First Step Act provides for an inmate's release when he has health conditions that "substantially diminish" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  Because Jackson has refused something that could mitigate severe complications from COVID-19—whether he is in prison or out of prison—he has not established that his ability to provide self-care is diminished.

Moreover, even in the absence of Jackson's refusal of the vaccine, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether compassionate release is warranted.  Jackson has served only a small fraction of his sentence, which was itself a departure from the otherwise-applicable term.  Jackson has a lengthy criminal history, and increasingly severe sentences did not deter him from continuing criminal conduct.  Releasing Jackson after he has served only 20 percent of his sentence creates unwarranted sentencing disparities with other individuals who commit similarly serious crimes and would not serve the purposes of sentencing.  Jackson has failed to establish that "extraordinary and compelling reasons" mandate the Court's reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Amended Motion for Compassionate Release (Docket No. 1116) is **DENIED**.

Dated: <u>March 3, 2021</u>            *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge